UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x

ADAM SENESE,                                :

                    Plaintiff,        :

              -against-        :

LONGWOOD CENTRAL SCHOOL            :
DISTRICT, along with LAURA HOPKINS,  :
CARA CHUDYK and JANINE ROZYCKI     :
*in their individual capacity as aiders and*       :
*abettors*,                                  :

             Defendants.       :

------------------------------------------------------- x

**COMPLAINT**

Case No.: _____

**JURY TRIAL DEMANDED**

       Plaintiff, **ADAM SENESE**, by and through his attorneys, **ZABELL &** **ASSOCIATES**, P.C., complains and alleges as follows:

## I.  PRELIMINARY STATEMENT

1.     Plaintiff, **ADAM SENESE**, brings this action to recover monetary, declaratory and affirmative relief based upon Defendants' **LONGWOOD CENTRAL SCHOOL DISTRICT, LAURA HOPKINS, JANINE ROZYCKI** and **CARA CHUDYK** (*in their individual capacity as aiders and abettors*), violations of the following: Title VII of the Civil Rights Act of 1964 (*hereinafter* "Title VII"), as codified in, Subchapter VI, Chapter 21, Title 42 of the United States Code; New York State Human Rights Law (*hereinafter* "NYSHRL"), as codified in Article 15 of the Executive Law (chapter 18) of the State of New York; and other appropriate statutes, regulations, rules and ordinances.

## II.   JURISDICTION AND VENUE

2.   This Court maintains jurisdiction over Plaintiff's federal claims pursuant to Title 28 of the United States Code Section 1331.

3.   This Court maintains jurisdiction over Plaintiff's state and local claims pursuant to Title 28 of the United States Code Section 1367.

4.   This Court has the power to declare the rights and other legal relations, along with other necessary or proper relief based upon a declaratory judgment or decree, whether or not further relief is or could be sought, which shall have the force and effect of a final judgment, pursuant to 28 U.S.C. §§ 2201 and 2202.

5.   The claims set forth hereto are properly brought in the United States District Court for the Eastern District of New York, pursuant to Title 28 of the United States Code Section 1391, because the events or omissions giving rise to the claim set forth hereto occurred in the above-captioned judicial district.

6.   Plaintiff, ADAM SENESE, timely filed a charge of discrimination with the Equal Employment Opportunity Commissions (*hereinafter* "EEOC") on or about May 4, 2015.

7.   The EEOC charge number is: 520-2015-02368.

8.   Plaintiff, ADAM SENESE, brings this action within ninety (90) days of receiving a Notice of Right to Sue, issued by the EEOC on November 10,

2015. A true and accurate copy of the Notice of Right to Sue is attached hereto as <u>Exhibit 1</u>.

### III.   PARTIES

9.   Plaintiff, **ADAM SENESE** (*hereinafter* "Plaintiff"), resides in Suffolk County, New York.

10.   Plaintiff is a male.

11.   Plaintiff is a member of a protected class.

12.   Defendant, **LONGWOOD CENTRAL SCHOOL DISTRICT** (*hereinafter* "Defendant" or "Longwood"), is a municipal public school district operating in the State of New York, Town of Brookhaven.

13.   Defendant Longwood maintains administrative offices at 35 Middle Island, Yaphank Road, Middle Island, New York.

14.   Defendant Longwood operates four (4) separate elementary schools.

15.   Ridge Elementary School is an elementary school operated by Defendant Longwood.

16.   At all times relevant herein, Plaintiff has been a "person" within the meaning of Section 2000e (a), Subchapter VI, Chapter 21, Title 42 of the United States Code.

17.   At all times relevant herein, Plaintiff has been an "employee" within the meaning of Section 2000e (f), Subchapter VI, Chapter 21, Title 42 of the United States Code.

18.  At all times relevant herein, Defendant Longwood has been an "employer" within the meaning of Section 2000e (b), Subchapter VI, Chapter 21, Title 42 of the United States Code.

19.  Defendant Longwood employs more than fifteen (15) persons as the term is defined by Section 2000e (b), Subchapter VI, Chapter 21, Title 42 of the United States Code.

20.  At all times relevant herein, Defendant, LAURA HOPKINS (*hereinafter* "Defendant" or "Hopkins") was a "person" within the meaning of Section 2000e (a), Subchapter VI, Chapter 21, Title 42 of the United States Code.

21.  At all times relevant herein, Defendant Hopkins is or was the Assistant Principal for Ridge Elementary School.

22.  Upon information and belief, Defendant Hopkins is or was an "employee," of Defendant Longwood, within the meaning of Section 2000e (f), Subchapter VI, Chapter 21, Title 42 of the United States Code.

23.  Defendant Hopkins is or was the Assistant Principal of Ridge Elementary, which is operated by Defendant, and is being sued in her individual capacity as an aider and abettor under NYSHRL § 296(6).

24.  At all times relevant herein, Defendant, JANINE ROZYCKI (*hereinafter* "Defendant" or "Rozycki") was a "person" within the meaning of Section 2000e (a), Subchapter VI, Chapter 21, Title 42 of the United States Code.

25.  At all times relevant herein, Defendant Rozycki is or was the Principal for Ridge Elementary School.

· 4 ·

26. Upon information and belief, Defendant Rozycki is or was an "employee" of Defendant Longwood, within the meaning of Section 2000e (f), Subchapter VI, Chapter 21, Title 42 of the United States Code.

27. Defendant Rozycki is or was the Principal of Ridge Elementary, which is operated by Defendant, and is being sued in her individual capacity as an aider and abettor under NYSHRL § 296(6).

28. At all times relevant herein, Defendant, **CARA CHUDYK** (*hereinafter* "Defendant" or "Chudyk") was a "person" within the meaning of Section 2000e (a), Subchapter VI, Chapter 21, Title 42 of the United States Code.

29. At all times relevant herein, Defendant Chudyk is or was employed by Defendant Longwood as a one-to-one Aide for a student in Plaintiff's classroom at Ridge Elementary School.

30. Upon information and belief, Defendant Chudyk is or was an "employee" of Defendant Longwood, within the meaning of Section 2000e (f), Subchapter VI, Chapter 21, Title 42 of the United States Code.

31. Defendant Chudyk is or was an Aide at Ridge Elementary, which is operated by Defendant, and is being sued in her individual capacity as an aider and abettor under NYSHRL § 296(6).

32. Upon information and belief, Defendant Chudyk was appointed to Plaintiff's position as an Elementary Special Education teacher after Plaintiff was wrongfully terminated.

33. At all times relevant herein, Defendants Hopkins and Rozycki (*hereinafter* "Ridge Supervisors") were Plaintiff's and Defendant Chudyk's supervisors.

34. At all times relevant herein, Ridge Supervisors were responsible for ensuring a workplace free of discrimination.

35. At all times relevant herein, Plaintiff was a "person" as the term is defined by Section 292 (1) of the Executive Law (chapter 18) of the States of New York.

36. At all times relevant herein, Defendant Longwood is an "employer" as the term is defined by Section 292 (5) the Executive Law (chapter 18) of the State of New York.

37. At all times relevant herein, Defendant Hopkins is a "person" as the term is defined by Section 292 (1) of the Executive Law (chapter 18) of the State of New York.

38. At all times relevant herein, Defendant Rozycki is a "person" as the term is defined by Section 292 (1) of the Executive Law (chapter 18) of the State of New York.

39. At all times relevant herein, Defendant Chudyk is a "person" as the term is defined by Section 292 (1) of the Executive Law (chapter 18) of the State of New York.

## IV.  FACTUAL ALLEGATIONS

40. Plaintiff repeats and realleges each and every allegation contained herein.

41. On or about September 1, 2013, Plaintiff began his employment with Defendant Longwood as a Special Education Teacher.

42. Throughout his almost two (2) academic years of employment with Defendant Longwood, Plaintiff received performance evaluations which were more than satisfactory.

43. In recognition of his performance, Plaintiff was invited to attend the "Aspiring Administrator Academy" by Dr. Michael R. Lonergan, Superintendent of Schools for Defendant Longwood.

44. The "Aspiring Administrator Academy" is an honor bestowed upon staff members who are identified as having the ability and inclination to further their academic qualifications on the path to ultimately becoming School District Administrators.

45. On or about April 27, 2015, Defendant Hopkins informally approached Plaintiff in the school hallway.

46. When Defendant Hopkins approached Plaintiff, she inquired about certain Crisis Prevention Institute (*hereinafter* "CPI") techniques that Plaintiff learned as a certified CPI tactician and trainer.

47. CPI techniques are to be used with students who are in crisis.

48. At that time, Defendant Hopkins, for the first time, warned Plaintiff about perceptions in the school.

49. Specifically, Defendant Hopkins told Plaintiff that:

   a.   you are a big guy;

   b.   as a man, you have to be even that much more careful in an elementary school because things can be perceived in a certain way; and

   c.   when you bring students to the bathroom, you cannot be seen going into the lavatory with them.

50.   These comments indicated to Plaintiff that Defendant Hopkins and other administrators of Defendant Longwood applied a separate and unequal set of standards for male educators who were employed by Defendant Longwood as compared to their female counterparts.

51.   Plaintiff questioned Defendant Hopkins about her comments and the established school protocol, but she failed to provide any substantive response.

52.   Thereafter, Plaintiff met with Defendant Rozycki.

53.   During this meeting with Defendant Rozycki Plaintiff complained of the discriminatory treatment he was receiving from Defendant Hopkins on the basis of his sex/gender.

54.   Plaintiff expressed his dismay over the disparate treatment to Defendant Rozycki and reiterated his belief that it was unfair for Defendant Hopkins to treat him differently based upon his sex/gender.

55.   In response, Defendant Rozycki advised Plaintiff that there was no formal complaint pending against him and went so far as to reassure him, stating that "this [discussion] was nothing to lose sleep over."

56.   Defendant Rozycki added that this was not something Plaintiff should be worrying about.

57.   Defendant Rozycki then concluded the conversation by changing the subject to the unrelated issue of student placements.

58. On or about April 30, 2015, Plaintiff was called into a meeting with Defendant Rozycki and Scott Schuster, Defendant Longwood's Director of Elementary Special Education.

59. Defendant Rozycki and Mr. Schuster notified Plaintiff of the existence of accusations which had been made against him.

60. It was during this conversation that Plaintiff was first notified of his suspension.

61. Plaintiff asked for specific information concerning the identity of his accuser(s) and the nature of the accusations pending against him.

62. Despite Plaintiff's inquiry, Defendant Rozycki and Mr. Schuster failed to identify his accuser(s) and the particulars of the accusations.

63. Defendant Rozycki and Mr. Schuster did divulge that individual Defendant Hopkins lodged a complaint against Plaintiff, without providing any further detail.

64. The above accusations and corresponding suspension were retaliatory in nature insofar as they took place a mere two (2) days after Plaintiff made a complaint pertaining to sex/gender discrimination in the workplace.

65. Plaintiff was subject to discrimination on the basis of his sex/gender and subject to retaliation for his complaints thereof.

66. On or about May 4, 2015, Plaintiff filed a charge of discrimination with the EEOC.

67. On or about June 19, 2015, Defendant Longwood, through written correspondence by Michael R. Lonergan, Superintendent of Schools for Defendant Longwood, notified Plaintiff that his employment was being terminated, to be effective September 5, 2015.

68. Defendant Longwood's June 19, 2015 letter failed to set forth reasons for Plaintiff's termination.

69. On or about June 25, 2015, Plaintiff's counsel, by formal letter, demanded that Defendant Longwood provide a basis for Plaintiff's termination.

70. On or about July 2, 2015, Defendant Longwood provided details, after more than sixty (60) days following Plaintiff initial request for information, concerning the accusations against him.

71. The July 2, 2015 letter, in conclusory fashion, provided the following false and pretextual reasons for Plaintiff's termination:

1) Failure to protect the health and safety of all students.
2) Exercising poor professional judgment in the interactions with disabled students.
3) Inability to establish and reinforce professional boundaries between students and yourself.
4) Inability to consistently maintain classroom management procedures and routines, resulting in inappropriate behavioral interactions with students; thereby diminishing the respect of the students and colleagues.

72. The July 2, 2015 notably failed to identify the accusers who lodged these false and baseless charges against Plaintiff.

73.   On July 17, 2015, Defendant Longwood, in its Position Statement filed with the EEOC, first identified Defendant Hopkins, Defendant Chudyk, Gina Grausso and Tara Rider as being Plaintiff's accusers.

74.   The reasons set forth in the July 2, 2015 letter are materially false and represent a wholly pretextual basis for Plaintiff's termination.

75.   The reasons set forth in the July 17, 2015 Position Statement are likewise materially false and represent a pretextual basis for Plaintiff's termination.

76.   On September 5, 2015, Plaintiff's termination took effect.

77.   For the above reasons, Defendants, Longwood, Hopkins, Rozycki and Chudyk (*hereinafter* collectively "Defendants") discriminated against Plaintiff, retaliated against him after he complained of discrimination to Defendant Rozycki, and terminated his employment for false and pretextual reasons.

## V.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
[Title VII- Sex Discrimination]

78.   Plaintiff repeats and realleges each and every allegation contained herein.

79.   Plaintiff has been discriminated against by Defendant Longwood on the basis of his sex, in that Defendant Longwood engaged in a course of conduct, as stated above, which resulted in the termination of Plaintiff's employment.

80.   As a proximate result of Defendant Longwood's discrimination, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses and other employment benefits.

81.   As a further proximate result of Defendant Longwood's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

82.   Defendant Longwood's conduct was done in conscious disregard of Plaintiff's rights.

83.   Plaintiff is entitled to equitable and injunctive relief, an award of back pay, front pay, compensatory, and punitive damages, along with costs, disbursements, and attorneys' fees in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### [NYSHRL - Gender Discrimination]

84.   Plaintiff repeats and realleges each and every allegation contained herein.

85.   Plaintiff has been discriminated against by Defendants on the basis of his gender, in that Defendants engaged in a course of conduct, as stated above, which resulted in the termination of Plaintiff's employment.

86.   As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses and other employment benefits.

87.   As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

88.   Defendants' conduct was done in conscious disregard of Plaintiff's rights.

89. Plaintiff is entitled to equitable and injunctive relief, an award of front pay, back pay, compensatory damages, along with costs, and disbursements in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### [Title VII - Retaliation]

90. Plaintiff repeats and realleges each and every allegation contained herein.

91. Defendant Longwood retaliated against Plaintiff because of his lawful complaints regarding acts of sex discrimination to which he was subjected, as stated above, which resulted in Plaintiff's termination.

92. As a proximate result of Defendant Longwood's retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

93. As a further proximate result of Defendant Longwood's retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages.

94. Plaintiff is entitled to equitable and injunctive relief, an award of back pay, front pay, compensatory, and punitive damages, along with costs, disbursements, and attorneys' fees in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### [NYSHRL - Retaliation]

95. Plaintiff repeats and realleges each and every allegation contained herein.

96. Defendants retaliated against Plaintiff because of his lawful complaints

regarding acts of gender discrimination to which he was subjected, as stated above, which resulted in Plaintiff's termination.

97. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

98. As a further proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages.

99. Plaintiff is entitled to equitable and injunctive relief, an award of front pay, back pay, compensatory damages, along with costs, and disbursements in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF
### [NYSHRL - Aider and Abettor - Laura Hopkins]

100. Plaintiff repeats and realleges each and every allegation contained herein.

101. The foregoing acts pleaded above were aided and abetted by the Defendant Hopkins in violation of NYSHRL § 296 (6).

102. As a proximate result of Defendant Hopkins's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

103. As a further proximate result of Defendant Hopkins's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment,

· 14 ·

humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage, in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
### [NYSHRL - Aider and Abettor - Janine Rozycki]

104.  Plaintiff repeats and realleges each and every allegation contained herein.

105.  The foregoing acts pleaded above were aided and abetted by the Defendant Rozycki in violation of NYSHRL § 296 (6).

106.  As a proximate result of Defendant Rozycki's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

107.  As a further proximate result of Defendant Rozycki's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage, in an amount to be determined at trial.

### Seventh Claim for Relief
### [NYSHRL - Aider and Abettor - Cara Chudyk]

108.  Plaintiff repeats and incorporates by reference all paragraphs above.

109.  The foregoing acts pleaded above were aided and abetted by the Defendant by the Defendant Chudyk in violation of NYSHRL § 296 (6).

110.  As a proximate result of Defendant Chudyk's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other

employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

111.   As a further proximate result of Defendant Chudyk's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage, in an amount to be determined at trial.

### EIGHTH CLAIM FOR RELIEF
### [New York Civil Rights Law §§ 40-c and 40-d - Laura Hopkins]

112. Plaintiff repeats and realleges each and every allegation contained herein.

113.   Plaintiff has been discriminated against by Hopkins on the basis of his sex, in that Hopkins engaged in a course of conduct which included treating Plaintiff differently than non-male employees and wrongfully discharging Plaintiff because of his sex.

114.   Hopkins's conduct was done in conscious disregard of Plaintiff's rights.

115.   Hopkins's conduct was in violation of section two hundred ninety-two (292) of the New York Executive Law.

116.   Pursuant to New York Civil Rights Law § 40-d, Plaintiff provided notice to the Office of the New York Attorney General regarding this claim.

117.   Plaintiff is entitled to a penalty of not less than one hundred dollars ($100.00) nor more than five hundred dollars and judgement that Hopkins is guilty of a class A misdemeanor.

<u>NINTH CLAIM FOR RELIEF</u>
# [New York Civil Rights Law §§ 40-c and 40-d - Janine Rozycki]

118.   Plaintiff repeats and realleges each and every allegation contained herein.

119.   Plaintiff has been discriminated against by Rozycki on the basis of his sex, in that Rozycki engaged in a course of conduct which included treating Plaintiff differently than non-male employees and wrongfully discharging Plaintiff because of his sex.

120.   Rozycki's conduct was done in conscious disregard of Plaintiff's rights.

121.   Rozycki's conduct was in violation of section two hundred ninety-two (292) of the New York Executive Law.

122.   Pursuant to New York Civil Rights Law § 40-d, Plaintiff provided notice to the Office of the New York Attorney General regarding this claim.

123.   Plaintiff is entitled to a penalty of not less than one hundred dollars ($100.00) nor more than five hundred dollars and judgment that Rozycki is guilty of a class A misdemeanor.

## <u>Tenth Claim for Relief</u>

### [New York Civil Rights Law §§ 40-c and 40-d - Cara Chudyk]

124.   Plaintiff repeats and realleges each and every allegation contained herein.

125.   Plaintiff has been discriminated against by Chudyk on the basis of his sex, in that Chudyk engaged in a course of conduct which included treating Plaintiff differently than non-male employees and wrongfully discharging Plaintiff because of his sex.

126.   Chudyk's conduct was done in conscious disregard of Plaintiff's rights.

127.   Chudyk's conduct was in violation of section two hundred ninety-two (292) of the New York Executive Law.

128.   Pursuant to New York Civil Rights Law § 40-d, Plaintiff provided notice to the Office of the New York Attorney General regarding this claim.

129.   Plaintiff is entitled to a penalty of not less than one hundred dollars ($100.00) nor more than five hundred dollars and judgment that Chudyk is guilty of a class A misdemeanor.

## V. DEMAND FOR JURY TRIAL

130.   Plaintiff repeats and realleges each and every allegation contained herein.

131.   Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38 (b).

## VI. PRAYER FOR RELIEF

WHEREFORE, upon the forgoing facts, Plaintiff prays for the following relief:

a.   awarding Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

b.   awarding punitive damages where allowed by statute;

c.   directing Defendants to pay Plaintiff pre and post judgment interest to the extent permitted by statute;

d.   awarding Plaintiff costs and disbursements of this actions, including reasonable attorneys' fees;

e.   declaring Defendants' actions against Plaintiff as unlawful;

    f.     enjoining the continuance by Defendants' illegal acts and practices alleged above; and

    g.     granting Plaintiff such other and further relief the court deems just and proper.

Dated: Bohemia, New York
       December 18, 2015

ZABELL & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By: _____
    SAUL D. ZABELL, ESQ.

One Corporate Drive, Suite 103
Bohemia, New York 11716
Tel. (631) 589-7242
Fax (631) 563-7475
szabell@laborlawsny.com

· 19 ·